# In the United States Court of Federal Claims

No. 10-156L

(Filed April 21, 2017)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
MCCLURG FAMILY FARM, LLC,         *
et al., for themselves and as     *
representatives of a class of     *
similarly situated persons,       *
                                  *
            Plaintiffs,           *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
            Defendant.            *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record at the conclusion of today's fairness hearing, the Court approves the settlement agreement and has found it to be fair, reasonable, and adequate under Rule 23(e)(2) of the Rules of the United States Court of Federal Claims. The Court finds the settlement was the result of a fair procedure in which each side utilized its own appraisers, and was reached through the assistance of our Alternative Dispute Resolution process. The settlement was substantially fair, adequately compensating property owners, and was fair to all class members by categorizing property based on shared characteristics to ensure a fair value was paid to each individual class member. The settlement amounts were represented to be close to the best possible recovery for all but one category of properties --- and the exception was the category which raised issues that have been the most contentious in previous rails-to-trails litigation (including severance damages), reasonably reflecting litigation risks and costs.

The notice given to class members was adequate. Out of the one hundred and twenty-three property owners in the class, all but two affirmatively consented to the settlement agreement --- and the two who did not respond were a natural person who is now deceased, and a corporation that has since dissolved. Counsel for

the parties have represented that they will endeavor to contact the appropriate successors to the interests of those class members.

Moreover, the Court recognizes that the class members have been represented by experienced and competent counsel who zealously and effectively represented their interests in settlement negotiations. The attorney's fees and costs portion of the settlement is a fair amount, the result of a compromise from the lodestar calculations of class counsel.

As explained at the hearing, approval of the parties' proposed settlement agreement is **GRANTED**. The total settlement award is $3,931,848.82, consisting of $2,368,533 in principal for the value of the land the parties agree to be taken, $838,315.82 in interest calculated through December 31, 2016 and statutory attorney's fees and costs of $725,000 to be reimbursed to class counsel under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c). To account for the delay in payment after December 31, 2016, the total interest paid by the government shall increase under the same interest computational method as described in the settlement agreement, at an annual interest rate of 2.77% compounded annually, until the date that judgment is paid. Under the agreement, plaintiffs will dismiss this case with prejudice within 14 days of receiving the above-described payments from defendant.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge